UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE J. ALSTON, | ) | CASE NO. 1:19CV752 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| RONALD ERDOS, Warden, | ) | Report and Recommendation of |
| Southern Ohio Correctional Facility, | ) | Magistrate Judge |
| | ) | |
| Respondent. | ) | |

Pro se Petitioner Willie Alston ("Petitioner"), a state prisoner currently incarcerated at the Southern Ohio Correctional Facility in Lucasville, Ohio, has filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #4. On March 20, 2019, Petitioner executed his federal habeas corpus petition, which was filed on April 4, 2019. *Id.* Petitioner seeks to be released from state custody, alleging that his sentence has expired. *Id.* at 6, 8, 16. On June 28, 2019, the Warden of the Southern Ohio Correctional Facility ("Respondent") filed a motion to dismiss Petitioner's § 2254 federal habeas corpus petition based upon its untimely filing as well as being not cognizable and procedurally defaulted. ECF Dkt. #8. On August 8, 2019, Petitioner executed a response to the motion to dismiss in the form of a motion for relief, which was filed on August 19, 2019. ECF Dkt. #9.

For the following reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #8), DENY Petitioner's motion for relief (ECF Dkt. #9), and DISMISS Petitioner's federal habeas corpus petition (ECF Dkt. #4) in its entirety with prejudice based upon Petitioner's untimely filing of the petition.

1

## I.     PROCEDURAL BACKGROUND

### A.     State Trial Court - 1992 (Case No. 92CR042139)

On June 30, 1992, the Lorain County Grand Jury issued an Indictment charging Petitioner with: two counts of Attempted Murder (Counts One and Two), in violation of Ohio Revised Code ("ORC") §§ 2923.02(A) and 2903.02(A), and two counts of Felonious Assault (Counts Three and Four), in violation of ORC § 2903.11(A)(2). ECF Dkt. #8-1[1] at 2-4. All four counts included a firearm specification, and Counts Three and Four including a specification that physical harm to another occurred during the commission of the offenses in both of those counts. *Id.* Petitioner originally entered a not guilty plea to all charges and requested a jury trial. *Id.* at 5. On August 5, 1993, Petitioner, with counsel, withdrew his former guilty plea and jury trial request and entered a plea of guilty to all counts in the Indictment. *Id.* at 5-7.

On August 5, 1993, the trial court accepted his guilty plea and sentenced Petitioner to 6 to 25 years incarceration on each count of Attempted Murder, 4 to 15 years incarceration on each count of Felonious Assault to be served concurrently, with an additional 3 year term on each count due to the gun specifications. ECF Dkt. #8-1 at 8. Petitioner did not appeal his conviction or sentence. *See* ECF Dkt. #4 at 3, #8 at 2, #8-1.

### B.     State Trial Court - 1995 (Case No. 95CR048159)

On November 29, 1995, while Petitioner was incarcerated, a Lorain County Grand Jury issued an Indictment charging Petitioner with one count of Assault, in violation of ORC § 2903.13(A), with two specifications. ECF Dkt. #8-1 at 10. After being found guilty by a jury, the

---

[1] Citations to the State Court Record, ECF Dkt. #8-1, will refer to the .PDF page number rather than to specific exhibits.

2

trial court sentenced Petitioner to 3 to 5 years on this count to be served consecutive to his previous 1992 case. *Id.* at 15; ECF Dkt. #8 at 2.

### C.    Post-Conviction Relief

On August 21, 2017, Petitioner, pro se, executed a motion for expiration of sentence date ("ESD") as part of his 1992 case (Case No. 92CR042139). ECF Dkt. #8-1 at 18-22. On September 6, 2017, the trial court denied his motion as not well taken. *Id.* at 23.

## II.    FEDERAL HABEAS CORPUS PETITION

On March 20, 2019, Petitioner, pro se, executed the instant federal habeas corpus petition, which was filed on April 4, 2019. ECF Dkt. #4. In this petition, Petitioner alleges the following two grounds for relief:

> **GROUND ONE:** Petitioners Fifth and Fourteenth Amendment are violated by the state of Ohio  for false imprisonment by depriving Petitioner of his liberty interest.
>
> > **Supporting Facts:** Petitioner was sentence[d] to serve six to twenty five plus three years gun specification[sic] on two counts of Felonious Assault, sentence was [to] run concurrent[sic]. Petitioner[sic] original sentence has expired and he is now illegally incarcerated.
>
> **GROUND TWO:** Petitioners[sic] Forteenth[sic] Amendment was violated by being illegally incarcerated against his will, when his maximum sentence has expired.
>
> > **Supporting Facts:** Petitioner was sentence[sic] under Ohio old law which required convicted prisoners to see the Ohio Parole Board[.] Pititioners[sic] maximum sentence has expired.

*Id.* at 5-9. On June 28, 2019, Respondent filed a motion to dismiss Petitioner's § 2254 federal habeas corpus petition based upon its untimely filing as well as being not cognizable and procedurally defaulted. ECF Dkt. #8. On August 8, 2010, Petitioner executed a response to the motion to dismiss in the form of a motion for relief, which was filed on August 19, 2019. ECF Dkt. #9.

### III.        PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. Justice O'Connor noted in *Daniels v. United States*: "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001) (citing *United States v. Olano*, 507 U.S. 725, 731 (1993)).

### A.        Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). Specifically, the AEDPA provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). However, if a conviction became final before the AEDPA's effective date of April 24, 1996, the Sixth Circuit has permitted a one-year grace period, lasting until April 24, 1997, in which to file a federal habeas corpus petition. *See Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (citing *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002), cert. denied, 537 U.S. 1091 (2002)).

In addition, the statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling only when a petitioner shows both that he has been pursuing his rights diligently and some extraordinary circumstances prevented his timely filing of the federal habeas corpus petition. *Hall v. Warden, Lebanon Corr. Inst.* 662 F.3d 745, 749 (6th Cir. 2005) (citing *Holland v.*

*Florida*, 560 U.S. 631 (2010)). The Sixth Circuit has stated that federal courts sparingly permit equitable tolling. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). Whether equitable tolling is appropriate is determined on a case-by-case basis. *Graham-Humphreys*, 209 F.3d at 561. The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Vroman*, 346 F.3d at 604.

### B. Exhaustion of State Remedies

Subject to the statute of limitations, federal habeas corpus relief is only available to persons that are in custody in violation of the United States Constitution, laws or treaties. 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107 (1982); *Smith v. Phillips*, 455 U.S. 209, 221 (1983). As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Wilson v. Mitchell*, 498 F.3d 491, 498 (6th Cir. 2007). Exhaustion is required before a state prisoner may bring a habeas corpus petition under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. *See Collins v. Million*, 121 Fed.Appx. 628, 630-31 (6th Cir. 2005). The petitioner bears the burden of proving exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Also, the court of appeals may raise and consider the issue of exhaustion *sua sponte*. *Clinkscale v. Carter*, 375 F.3d 430, 438 (6th Cir. 2004) (citing *Harris v. Rees*, 794 F.2d 1168, 1170 (6th Cir. 1986)). Exhaustion does not require a state court adjudication on the merits of the claim at issue. *Clinkscale*, 375 F.3d at 438 (citing *Smith v. Digmon*, 434 U.S. 332, 333 (1978); *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990)).

The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts," which means "the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006) (citing *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001)); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Wilson v. Mitchell*, 498 F.3d 491, 498-99 (6th Cir. 2007); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). A petitioner will not be allowed to present claims never before presented in the state courts, unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991) (citing *Engle v. Isaac*, 456 U.S. 107 (1982) and *Murray v. Carrier*, 477 U.S. 478 (1986)).

In addition to full presentation, a claim must also be fairly presented to the state courts as a federal constitutional issue rather than merely as a state law issue. *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). To exhaust a claim, a petitioner must present it to the state courts under the same theory that it is later presented in federal court. *Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). For a claim to be "fairly presented," the petitioner must assert both a factual and legal basis for his claim in state court. *Fulcher v. Motley*, 444 F3d 791, 798 (6th Cir. 2006). A petitioner "fairly" presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms

sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (internal citation omitted); *McMeans*, 228 F.3d at 681 (citing *Franklin*, 811 F.2d at 326). Although general allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated, a petitioner is not required to recite "book and verse on the federal constitution." *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (citing *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984)).

Originally, the Supreme Court interpreted 28 U.S.C. § 2254 as providing that if a petitioner did not fulfill the total exhaustion requirement, a district court *must* dismiss the habeas petition, even if it contained both unexhausted and exhausted claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 852 (1999) (emphasis added) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)); *cf.* 28 U.S.C. § 2254(b)(2) (stating that "a[n] application for a writ of habeas corpus *may* be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") (emphasis added). However, the Supreme Court became concerned about petitioners losing their opportunity for federal review when the AEDPA, which was enacted in 1996, included a one-year statute of limitations. *See Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). Citing *Rhines*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a mixed petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit

the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009) (citing *Rockwell v. Yukins*, 217 F.3d 421, 425 (6th Cir. 2000)).

The AEDPA, as amended, provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C.A. § 2254(b)(2). Even assuming a state court remedy is available, the District Court may nevertheless consider a petitioner's unexhausted claim if the claim lacks merit and returning to state court "would amount to a mere futility." *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001); *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

## C.    Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed)). Absent either cause and prejudice or a finding of actual innocence, a federal court is not required to reach the merits of claims that have been procedurally defaulted in state court by a state prisoner or in federal court by a federal prisoner in a defendant's direct criminal appeal. *See Reed v. Farley*, 512 U.S. 339, 354-55 (1994); *William v. Anderson*, 460 F.3d 789, 805-06 (6th

9

Cir. 2006); *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 830 (6th Cir. 2005). Also, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). On the other hand, the Supreme Court has held that federal courts are not always required to address a procedural default issue before deciding against the petitioner on the merits. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("We do not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be. Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."). The Sixth Circuit has endorsed this view in *Hudson v. Jones* and proceeded to the merits in a habeas corpus proceeding when the question of procedural default presented a complicated question of state law and was unnecessary to the disposition of the case. *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003); *accord Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008), *as amended* (July 7, 2008).

In determining whether a state court has addressed the merits of a petitioner's claim, federal courts will apply a presumption that there is no independent and adequate state grounds for a state court decision when the decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Coleman*, 501 U.S. at 735 (citing *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)); *see also Harris v. Reed*, 489 U.S. 255, 262-63 (1989) (holding that the "plain statement" rule of *Michigan v. Long* applies to federal habeas review). However, the presumption

10

> does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims.

*Coleman*, 501 U.S. at 735 n.1. Prior to the Supreme Court's ruling in *Coleman*, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1)  whether the petitioner failed to comply with an applicable state procedural rule;

(2)  whether the state courts actually enforced the state procedural sanction;

(3)  whether the state procedural bar is an "adequate and independent" state ground in which the state can foreclose federal review; and

(4)  if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve  to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418-20 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005), *vacated on other grounds in Bradshaw v. Richey*, 546 U.S. 74 (2005), *remanded to Richey v. Bradshaw*, 498 F.3d 344 (6th Cir. 2007); *Franklin*, 434 F.3d at 420.

Under the second prong, the last-explained state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 729-30, 735 (1991); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises) (superseded by statute as stated in *Parker v. Matthews*, 567 U.S. 37 (2012) on different grounds); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply). Although the Sixth Circuit has required express reliance on a procedural bar in the past, *see Baze*, 371 F.3d at 320, it has also assumed such reliance when the decision "fairly appears to rest on state law." *Smith v. Warden, Toledo Corr. Inst.*, No. 17-3220, 2019 WL 2518311, at *11 (6th Cir. June 18, 2019) (citing *Coleman*, 501 U.S. at 740).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Wilson v. Mitchell*, 498 F.3d 491, 499 (6th Cir. 2007); *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus, unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged

12

constitutional violation. *Geneva v. Lazaroff*, 77 Fed.Appx. 845, 850 (6th Cir. 2003); *see also Murray v. Carrier*, 477 U.S. 478, 488 (1986) (Demonstrating "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986); *Geneva*, 77 Fed.Appx. at 850. A petitioner can also show that a fundamental miscarriage of justice will occur if the Court does not address his procedurally defaulted ground for relief. *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750. The Supreme Court described the fundamental miscarriage of justice exception as follows:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

*Schlup*, 513 U.S. at 321. Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). In addition, the Sixth Circuit recognized Ohio's rule that claims must be raised on direct appeal, if possible, or else res judicata bars their litigation in subsequent proceedings. *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 751 (6th Cir. 2013) (citing *State v. Perry*, 226 N.E.2d 104, 108 (1967)). The above standards apply to the Court's review of Petitioner's claims.

13

## IV.    **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the Act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *see* ECF Dkt. #1. As previously stated, under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>    (1)    resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. §2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct  principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001); *Earhart v. Konteh*, 589 F.3d 337, 343 (6th Cir. 2009).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A.   Decisions of lower federal courts may not be considered.

B.   Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.   The state court decision may be overturned only if:

1.   It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2.   the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3.   'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4.   the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.   Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted); *see Casnave v. Lavigne*, 169 Fed.Appx. 435, 438-39 (6th Cir. 2006).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic, primary, or historical facts, and not to mixed questions of law and fact. *Thompson v. Keohane*, 516 U.S. 99, 107-12 (1995). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *Id.*; *see McMullan v. Booker*, 761 F.3d 662, 671 (6th Cir. 2014) (citing *Thompson*, 516 U.S. at 111). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V.     LAW AND ANALYSIS

### A.     Statute of Limitations

The undersigned recommends that this Court find that Petitioner has untimely filed his § 2254 federal habeas petition and that he failed to demonstrate extraordinary circumstances or actual innocence in order to be entitled to equitable tolling. Petitioner in this case was required to file his federal habeas corpus petition within one year of the date on which the judgment of his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). But, because Petitioner's conviction became final before the AEDPA was enacted, he had a one-year grace period, ending on April 24, 1997, in which to file his habeas petition. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir.), cert. denied, 537 U.S. 1091 (2002).

Petitioner did not file any appeals in the state court. ECF Dkt. #4 at 3; *see* ECF Dkt. #8, #8-1. The only post-conviction filing Petitioner made was a motion for expiration of sentence on August 21, 2017. ECF Dkt. #8-1 at 18-22. Petitioner did not file the instant federal habeas corpus petition until April 4, 2019, well after the one-year grace period. ECF Dkt. #4. Further, Petitioner did not make any other state court filings that would have tolled the AEDPA statute of limitations beyond the grace period date of April 24, 1997. Thus, Petitioner filed the instant habeas petition about 22 years late. As such, the undersigned recommends that the Court find that the statute of limitations bars federal review of the instant habeas corpus petition.

### B.     Procedural Default

The undersigned further recommends that the Court find that Petitioner's claims are procedurally defaulted. Petitioner has not appealed his past convictions and has failed to exhaust his state remedies. However, since Petitioner no longer has any available state remedies, the

undersigned recommends that the Court find that Petitioner procedurally defaulted his two grounds for relief. *See Coleman v. Thompson*, 501 U.S., 722, 735 n.1 (1991).

In addition, Petitioner asserts that he did not exhaust state remedies for both grounds because he was convicted and sentenced "under Ohio's old law," "which required convicted prisoners to see the Ohio Parole Board," "and no state remedies were available to exhaust." ECF Dkt. #4 at 6, 8. Petitioner appears to refer to Ohio Senate Bill 2, which enacted a revised sentencing system on July 1, 1996. *See* ORC § 5120 *et seq*. The Sixth Circuit described Ohio's new sentencing law as follows:

> Under Ohio's former sentencing law, Ohio inmates were given an indeterminate sentence comprised of a minimum and a maximum sentence. An inmate became eligible for parole after serving his or her minimum sentence, minus credit for good behavior. Parole decisions were delegated to the Ohio Adult Parole Authority ("OAPA"). It determined when release was appropriate for each inmate. In 1995, Ohio adopted a new sentencing system for crimes committed after July 1, 1996. *See* Ohio Rev.Code § 5120 *et seq*. Under the new law, indeterminate sentences were abandoned in favor of fixed terms of incarceration determined by the defendant's presiding judge. The new system does not apply retroactively to Ohio inmates sentenced under the former sentencing scheme. Ohio Rev.Code § 5120.021(A).

> In 1998, the OAPA adopted guidelines designed to guide the discretion of parole officers making release determinations for Ohio inmates sentenced prior to July 1, 1996. The guidelines are similar to the guidelines used by the United States Parole Commission, using two factors to determine how long a prisoner should be incarcerated before parole: (1) the seriousness of the inmate's crime, and (2) the "risk of reoffense," based on the inmate's prior criminal conduct and performance on probation and parole. The presumptive amount of time an inmate serves is determined by finding the intersection on a grid between the inmate's offense category and his or her risk of reoffense. Parole officials, however, retain discretion to depart from the guidelines, but may not retain an inmate beyond the maximum sentence. *See* Ohio Rev.Code § 2967.03 (describing the OAPA's broad discretionary powers).

*Michael v. Ghee*, 498 F.3d 372, 373-74 (6th Cir. 2007).

18

Petitioner has failed to show how the new sentencing revisions in Ohio have affected his state appeal rights in any way. Appellate Rule 4 regarding the right to appeal, was effective at the time of Petitioner's conviction. Ohio App. R. 4 [Effective: July 1, 1971; amended effective July 1, 1972; July 1, 1985; July 1, 1989; July1, 1992; July 1, 1996; July 1, 2002; July 1, 2009; July 1, 2011; July 1, 2012; July 1, 2013; July 1, 2014]. Thus, Petitioner's claim that no state remedies were available to exhaust is not well taken.

### C.      Petitioner's Claims Are Not Cognizable

Although the undersigned is not required to reach the merits of this habeas petition due to it being time-barred and procedurally defaulted, the nature of the two grounds for relief lead the undersigned to briefly address why his claims are not cognizable before the Court.

"A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988). This includes alleged errors of state sentencing laws. *See Dyson v. Tibbals*, 2014 WL 2890519, at *2-3 (N.D. Ohio June 25, 2014) (citing *Wilcox v. Littlefield*, 48 F.3d 1220, 1995 WL 98822, at *2 (6th Cir.1995)) (overruling petitioner's objection to being sentenced under O.R.C. §2907.02(A)(1)(b) because it is not cognizable on federal habeas review); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir.1987) ("The federal habeas court does not act as an additional appellate court to review a state court's interpretation of its own law or procedure."). Thus, the undersigned recommends that the Court find that Petitioner's grounds for relief regarding his sentence are not cognizable on federal habeas corpus review.

Also, Petitioner's contentions are without merit. Respondent correctly points out that Petitioner failed to mention that he received a second sentence in 1998, under case number 95CR048159, in which the trial court sentenced Petitioner to 3 to 5 years to be served consecutive to his previous 1992 sentence. ECF Dkt. #8 at 2; ECF Dkt. #8-1 at 14-17. Currently, the expiration of his maximum sentence is set for May 25, 2015[2]. ECF Dkt. #8 at 3.

Therefore, the undersigned recommends that this Court grant Respondent's motion to dismiss the instant federal habeas corpus (ECF Dkt. #8), deny Petitioner's motion for relief (ECF Dkt. #9), and dismiss the instant petition with prejudice (ECF Dkt. #4).

## VI.    RECOMMENDATION AND CONCLUSION

To conclude, the undersigned recommends that the Court find that Petitioner's federal habeas petition is time-barred, procedurally defaulted, and not cognizable, in addition to being without merit. For the above reasons, the undersigned recommends that this Court grant Respondent's motion to dismiss the instant federal habeas corpus (ECF Dkt. #8), deny

---

[2] *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A280802. Including the gun specifications, Petitioner's 1993 sentence ranged from 9 to 28 years, which, although unclear from the record, likely also credited Petitioner with time served prior to sentencing. ECF Dkt. #8-1 at 8-9. Due to his 1998 sentence, Petitioner's sentence range increased to 12 to 33 years. *Id.* at 14-17.

Petitioner's motion for relief (ECF Dkt. #9), and dismiss the instant petition with prejudice (ECF

Dkt. #4).


Dated: October 22, 2019                          /s/George J. Limbert_____
                                                 GEORGE J. LIMBERT
                                                 UNITED STATES MAGISTRATE JUDGE


        ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of
Court within fourteen (14) days of service of this notice.  Failure to file objection within the
specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas
v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).